FIDELITY TRUST COMPANY, EXECUTOR OF THOMAS L. CARROW, PROSECUTOR, v. ESSEX COUNTY BOARD OF TAXATION ET AL., RESPONDENTS.

Submitted December 15, 1916—Decided February 27, 1917.

1. A taxpayer, on May 20th, owned household goods, jewelry, promissory notes, and deposits in bank, and was assessed for personalty at the value of the household goods only; the county board of taxation subsequently assessed the jewelry, promissory notes and deposits in bank as omitted property. *Held*, that this was correct, and that the county board was not bound to take the proceedings required in the case of undervalued property.

2. Where it is discovered after the owner's death that personal property has been omitted from taxation, it is a sufficient compliance with the statute to give notice of the assessment of the omitted property to the executor, who is then the owner.

3. Where an owner dies after May 20th, and property omitted is subsequently assessed, it should be assessed in the name of the owner on May 20th, not in the name of his executor.

On *certiorari*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Louis Hood*.

For the defendants, *Harry Kalisch*.

The opinion of the court was delivered by

SWAYZE, J. This case is in narrow compass. Thomas L. Carrow was assessed in 1915 for personal property valued at $200. He died August 3d, 1915. On December 13th the county board of taxation made an assessment against his executor for personal property, $50,900, as omitted property. Notice was at once given to the Fidelity Trust Company, the executor, which stated that they would be heard by the county board on December 18th. They were heard by counsel on that day, and the assessment was affirmed. It is not

questioned that Carrow on May 20th had that amount of assessable property. It was apparently made up of the following items taken from the inventory of his estate: House-hold furniture, $200; jewelry, $232; note of Waring, $100; note of Mager, $6,500; loan to Waring, $2,000; deposit in savings department of Fidelity Trust Company, $5,433; deposit in banking department of Fidelity Trust Company, $36,468. The first point made is that the case is one of undervaluation of property assessed, and not an assessment of property omitted by the assessor. On this premise the prosecutor argues that the county board could not act of their own motion, but must have a written complaint of the collector, a taxpayer, or the governing body of the taxing district, as required by section 28 of the Tax act. *Comp. Stat.*, *p.* 5107. The question is one of fact. We must assume in accordance with the ordinary presumption that the assessor acted honestly. If so, he evidently assessed only the household goods at 224 Broad street, which were later inventoried at the exact amount of the assessment. No doubt this was because the household goods were the only personal property visible and, with the exception of the jewelry, the only tangible personal property. We think the assessor assessed the household goods only and omitted to assess the jewelry, notes, loans and bank deposits. The board was right, therefore, in following the procedure prescribed for omitted property. We attribute no weight to the stipulation that the taxing authorities of the city of Newark assessed all the personal property of which Thomas L. Carrow was possessed on May 20th, 1915, in the sum of $200 in bulk. The most this can mean, in view of the facts revealed by the inventory is that they assessed all the personal property so far as they knew, the most that anyone could do.

It is also argued that notice of the addition to the assessment was not given to the owner as required by section 28. If by "owner" the statute means owner on May 20th, the prosecutor is right, since that owner was dead. This is not the proper construction since it is unreasonable, and would

require not merely an impossibility but an absurdity. We assume that the legislature meant what it said in section 2 of the Tax act that all personal property within the jurisdiction of the state not expressly exempted should be subject to annual taxation at its true value. This can only be accomplished in a case where omitted property is discovered after the owner's death by giving notice to his executor or administrator. The executor or administrator is then the owner, and there is no other owner to whom notice can be given.

It was erroneous to assess in the name of the executor, which had no title on May 20th. This error, however, does not release the property from taxation. The court is required to make a proper levy, imposition or assessment in all cases in which there may lawfully be an assessment, imposition or levy. *Comp. Stat., p.* 5124, § 39. We see no difficulty caused by the provision of section 5 of the Tax act (*Comp. Stat., p.* 5085), that persons assessed for personal property shall be personally liable for the taxes thereon. This can only mean that persons liable to taxation for personal property on May 20th shall be personally liable for the tax; this personal liability exists at their death, and like any other personal liability then existing is to be satisfied out of their estate.

There is no dispute about the amount and we will make the assessment against Thomas L. Carrow at the valuation and rate already fixed, and the total amount of the tax will be the same.

Although we find a defect in the assessment as made below, the substantial victory is with the defendants, and the prosecutor will not be allowed any costs.